CLYDE DYE & PRINT WORKS, INC. *vs.* WILLIAM M. J. CRAIG.

DECEMBER 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Hahn, JJ.

STEARNS, C. J.  This is an action of replevin to recover 129 copper machine rolls of the value of $3,000 alleged to be the property of the plaintiff.  The pleas are (1) *non cepit;* (2) a special plea alleging property in the defendant and a right to possession of the copper rolls in defendant under a lien for work done thereon not paid for.  The replication to the second plea denied that defendant had any lien.

The action was tried by a justice of the Superior Court without a jury.  At the conclusion of plaintiff's evidence, on defendant's motion, plaintiff was adjudged nonsuit and decision was rendered for defendant.  The case is in this court on plaintiff's bill of exceptions, the only exception being that the decision is erroneous.

The evidence in the case is not very complete.  The facts are as follows: The copper rolls were the property of the Clyde Print Works, Inc.  At different times they had been sent to defendant who engraved and returned them when so directed.  While they were in defendant's possession a

receiver was appointed for the Clyde Print Works, Inc., which was insolvent. After a hearing on the petition of the receiver to sell certain machinery and other personal property contained on the premises of the insolvent corporation, by a decree of the Superior Court the receiver was authorized, after giving public notice, to sell at public auction "all machinery, junk metal and wood of every kind and all other personal property now contained on the premises of the respondent corporation in West Warwick, to which said respondent corporation has good title, and also to sell all the right, title, interest and equity that said respondent corporation has in and to six certain printing machines and in and to all other machinery and personal property now on said premises which was placed there subject to conditional bills of sale, leases, clingfasts or the like." The receiver's sale was held on the premises of the corporation immediately after a public auction sale by the mortgagee of the mill and real estate. The personal property was sold in bulk for the sum of $1,250 to one Herman Geller, the agent of the plaintiff corporation which received a deed of the property from the receiver. The report of the receiver was approved by the Superior Court and the receiver was discharged.

Plaintiff claims the personal property which was on the premises at the time of the sale and also the copper rolls which were then in the defendant's shop two miles distant from the mill property.

Replevin is an action to recover goods and chattels unlawfully taken or unlawfully detained from the owner or the person entitled to the possession thereof. (G. L. 1923, C. 387, s. 1.) Nothing but a right of present possession in the plaintiff, founded upon a general or special ownership of goods, is necessary to enable him to maintain a writ of replevin for them. *Waterman* v. *Matteson,* 4 R. I. 539.

Under a plea of property in the defendant he is entitled to prove that he has a lien on the property replevied. *Halstead* v. *Cooper,* 12 R. I. 500. After a defendant in his plea

of property asserts his right to the present possession of the property replevied, the burden of proof to establish his right to present possession is on the plaintiff. *L. A. W. Acceptance Corp.* v. *Chernick,* 49 R. I. 434.

The receiver's sale was a judicial sale made under authority of the decree of the court. The aim of the law is to procure for the insolvent estate the best price that can be fairly obtained. . The power of a receiver to sell property and the rights of the buyer in the property sold at a receiver's sale are governed by the decree authorizing the sale. The property to be sold should be ascertained and defined and judicially identified before process for the sale is issued. *R. R. Co.* v. *Swasey,* 23 Wall. 405. Certainty is required also for the protection of the buyer's title.

Section 3, Chapter 390, General Laws 1923, provides that the Superior Court by general rule or special order shall regulate all proceedings and the forms thereof in proceedings in insolvency and (s. 7) shall designate by order in each county the newspapers in which all notices and orders in proceedings in insolvency shall be published.

In the case at bar the proceedings were by special order of the court. The decree limits the property to be sold to that on the mill premises and further to only the right and interest in such property as the insolvent corporation had. The decree was general and indefinite in the description.

The auctioneer testified that he intended to sell all of the personal property but that he knew nothing about the copper rolls in defendant's possession. The receiver testified that he knew of the existence of these rolls but said nothing about them to the persons present at the auction.

Mr. Geller testified that he asked the receiver about copper rolls and was informed by him that the insolvent corporation had a clear title to some rolls not on the premises. The inspection of the property to be sold by persons present at the auction was only of that which was on the premises. The plaintiff could acquire title only to the personal property lawfully sold. The decree did not authorize the

sale of any property not on the premises of the insolvent corporation. The auctioneer could not sell these rolls nor could the receiver by his deed give a good title to the plaintiff.

The plaintiff failed to prove either title or right to possession.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for the entry of judgment upon the decision.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for plaintiff.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for defendant.