John J. McDonald *D. S. vs.* Frank H. Brown.

JUNE 9, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

Baker, J.    This is an action of trover for the alleged conversion of an automobile. The case was heard in the superior court by a justice thereof sitting without a jury and resulted in a decision for the plaintiff in the sum of $211.95. The case is now before this court on the defendant's exception to such decision.

There is little or no dispute on the facts shown in evidence. From these it appears that the plaintiff, as a deputy sheriff of Providence county, on July 23, 1936, in the performance of his duties, attached an automobile under a writ, in which Monroe Loan Society of Rhode Island, Inc. was the plaintiff, and two persons named Mason were the defendants. The automobile in question was placed for safekeeping by the present plaintiff in a public garage in Providence. On July 25, 1936, the defendant herein, who was a constable authorized to serve certain forms of civil process, took possession of said automobile by virtue of a writ of replevin in which one Miclette was named as the plaintiff, and removed the automobile from the garage in question and forthwith delivered it to said Miclette, who receipted on the back of the writ for such delivery. The defendant's return on the replevin writ shows that it was thereafter duly served upon the plaintiff herein. It is not questioned that a replevin bond in the usual form was executed by the plaintiff in the replevin action.

The writ in that case was entered on its return-day in the district court of the sixth judicial district in Providence, and shortly thereafter a plea in abatement was filed by the present plaintiff, who was the defendant named therein. A hearing was had on this plea on August 31, 1936 before a justice of said district court and the following entry was made: "Plea in abatement sustained and writ of replevin abated." No further proceedings were taken in that case.

The plaintiff maintains that the original taking of such automobile by the defendant on July 25, 1936 was wrongful; first, because the latter did not show or have with him at that time the writ of replevin; and second, because the defendant did not tender to the plaintiff herein the replevin bond for his inspection and approval prior to the time the automobile was taken. In our judgment, on the present record, these contentions are not controlling in this case.

We find nothing wrongful in the original taking of the automobile by the defendant. The replevin writ in question was dated July 25, 1936, as was the receipt given by the plaintiff therein for the automobile. It does not clearly appear from the evidence whether or not the defendant had the writ in his possession when he took the automobile. In the absence of direct evidence to the contrary, it is to be presumed that the defendant, in performing his duties as a constable in replevying the automobile, acted according to law and as stated in his return on the writ. The evidence shows that one of the proprietors of the garage where the present plaintiff had stored the automobile, and the only person present in the garage when the defendant herein came to get the automobile, did not ask to see the writ of replevin when the defendant demanded possession of the automobile, nor did the latter voluntarily show the writ to such proprietor. However, the defendant herein, at the proprietor's request, gave him at that time a receipt for the automobile and also showed him his constable's badge and certificate. Undoubtedly the better practice requires an officer, who has a writ of replevin, to show it at the time he replevies goods and chattels in the possession of one other than the defendant; but if he fails to do so, and no request is made upon him to produce it, and he is not serving the defendant, we can not say that such failure is fatal.

We find no merit in the plaintiff's contention that the replevin bond should have been submitted to him, for his inspection and approval, by the defendant before the latter replevied the automobile. Cases cited to us by the plaintiff deal with the giving by a defendant of a bond to an officer who has attached goods and chattels in order to have them released from the attachment. Such cases are not in point here. In replevin a defendant is protected by the statutory bond which a plaintiff is required to execute and an officer to take before the replevin writ is served. General Laws 1923, chap. 387, sec. 3. If a defendant in replevin is not sat-

isfied with the bond or the sureties thereon, he may move the court for a further bond or for further sureties. G. L. 1923, chap. 387, sec. 4.

The sustaining of the plea in abatement in the district court in the replevin action was obviously on some ground which did not bind the defendant in this case, because no question is raised here by the present plaintiff that the replevin writ was not regular on its face, or that it was not issued from a court of competent jurisdiction, or that the defendant herein was not authorized to serve it. It is settled in this state that under such circumstances the officer is protected in what he does in carrying out the mandate of the writ. *Curry v. Johnson,* 13 R. I. 121. Further, the fact that the present defendant, after taking possession of the automobile under the writ of replevin, immediately delivered such automobile to Miclette, the plaintiff named in said writ, did not cause the former to be guilty of conversion. In this state procedure in replevin and the form of the writ are prescribed by statute. It is specifically required in the writ of replevin that the goods and chattels replevied by the officer be delivered to the plaintiff named in the writ. G. L. 1923, chap. 349, sec. 19. See also *Curry v. Johnson, supra.*

In view of all the above circumstances, we find that there was no evidence to show that the defendant herein was guilty of converting the automobile in question after the present plaintiff's plea in abatement had been sustained by the district court on August 31, 1936, in the replevin action brought by Miclette. The plaintiff has brought to our attention no authorities which support the position taken by him that, on facts similar to those above set out, an officer replevying goods and chattels is guilty of trover and conversion.

After an examination of the whole record, we are of the opinion that there is no evidence to support the plaintiff's contention that the present defendant was guilty of converting the automobile in question, and we find that the decision

of the trial justice in favor of the plaintiff herein was erroneous. The defendant's exception is, therefore, sustained.

The plaintiff may, if he shall see fit, appear on June 15, 1938, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Frederick Torelli,* for plaintiff.

*Frank H. Wildes,* for defendant.