EMIL J. TURGEON *vs.* FREDDIE J. ROCKS.
EMIL J. TURGEON *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

JUNE 10, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. These two actions of trespass on the case for negligence were tried together before a jury in the superior court and resulted in verdicts for the plaintiff. In each case the defendant's motion for a new trial was denied by the trial justice. The cases are before us on each defendant's single exception thereto. All other exceptions being neither briefed nor argued are deemed to be waived.

The plaintiff's cause of action is for personal injuries sustained by him in a rear-end collision between a taxicab operated by him and another taxicab operated by defendant Rocks and owned by defendant Yellow Cab Company of Providence.

The collision occurred about 1:20 a.m. on January 26,

1960 on Dorrance street, a public highway in the city of Providence. Dorrance street runs generally north and south and the vehicles were each proceeding in a northerly direction and were in the center northbound lane at the time of collision. Each operator knew that the road was wet, slippery and icy in spots and that the weather was nasty.

The plaintiff testified that he was proceeding at 3 or 4 miles per hour when he was hit in the rear. Defendant Rocks, whose cab was equipped with chains, testified that he was proceeding along Dorrance street at 4 to 5 miles per hour and about three car lengths behind the cab operated by plaintiff when suddenly plaintiff stopped in the center northbound lane without giving any signal by means of stop lights or otherwise; that defendant immediately applied his brakes and turned his wheels to avoid a collision; and that his car did not turn but skidded and went straight ahead until it hit the rear of plaintiff's cab.

There is also other testimony as to the speed of each of the cabs at the time of the collision. An eyewitness estimated that defendant Rocks' speed was 10 to 15 miles per hour and that plaintiff's speed was "just about crawling." An investigating officer of the Providence police department testified that defendant Rocks stated he was going approximately 12 miles per hour and that plaintiff stated his speed was about 5 miles an hour. On our view, such conflicting evidence warranted a finding by the jury as to defendants' negligence.

It is well settled in this state "that where the evidence is 'nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon', the trial justice 'has no right to disturb the findings of the jury, although his own judgment might incline him the other way.' That is to say, where two views of the evidence are both fair and reasonable, the jury's view must prevail." *Murphy* v. *Palmer*, 73 R. I. 182, 187. See also *Votta* v. *Cal-*

*cagni,* 84 R. I. 289; *Hirschmann* v. *Sun-Dial Optical Co.,* 89 R. I. 31.

This was the rule applied by the trial justice who, in passing on defendants' motions and after commenting on relevant evidence, stated that "there was quite a bit of conflict of testimony here and, of course, in such cases it is up to the jury to resolve that testimony. * * * I feel that they had sufficient evidence to go on and that their action in rendering a verdict for the plaintiff does substantial justice between the parties."

In passing upon a defendant's motion for a new trial, the trial justice while required to state the reasons for his decision is given a wide latitude with respect to the form in which such reasons are stated and in the ordinary case he is not required to set them out at length in any express terms. *Chase* v. *Goyette,* 85 R. I. 469, 473. The language quoted above from his decision can only mean that in his judgment the evidence was conflicting and was such that reasonable persons could naturally reach different and opposite conclusions as to who presented the more credible evidence on the issue of defendants' negligence.

The defendants contend that the trial justice should have granted their motions for new trials because the verdicts were against the evidence and the weight thereof and failed to do substantial justice between the parties. To sustain that position it is incumbent upon them to convince us that the weight of the credible evidence was contrary to the verdicts and that the trial justice's decision was clearly wrong. *Votta* v. *Calcagni, supra.* This defendants have not done. We have found nothing in the record which would clearly establish that plaintiff was not worthy of credence or that the trial justice either overlooked or misconceived any material evidence, and we cannot say that the trial justice was clearly wrong in accepting the jury's evaluation of the conflicting evidence. *Grillo* v. *Schaperow,* 81 R. I. 501; *Votta* v. *Calcagni, supra.*

The defendants also contend that their motions for new trials should have been granted because, as we understand their contention in this respect, there was no evidence of negligence on their part other than the skidding of the car operated by defendant Rocks. They cite *Peters* v. *United Electric Rys.*, 57 R. I. 311, where this court said at page 318:

"There was evidence that would justify the jury in finding that the defendant's operator was negligent in the manner in which he operated the bus under all the circumstances existing at the time of the accident. The mere skidding of the bus in and of itself was not evidence of negligence * * *."

The trial justice instructed the jurors that in order to find defendants guilty of negligence where there had been a skid they were required to weigh all the surrounding circumstances. The defendants urge no exceptions to such charge or to any refusal of the trial justice to charge differently or in addition thereto. On a motion for a new trial on the ground that a verdict is against the law, the only matter open for the trial justice to consider is whether the jury accepted and followed his instructions on the law. *Ricci* v. *New England Transp. Co.*, 77 R. I. 12.

There is nothing in the record to show that the trial justice did not follow this rule. In passing on the motions for new trials he said: "Now, the court explained that a skid in and of itself is not proof of negligence, but, of course, you must take into consideration all of the surrounding circumstances and if they considered that he was going at 12 miles an hour speed they might have considered that that was too fast for the existing conditions and they might have come to the conclusion he didn't have full control of his car and he was, therefore, negligent." In our opinion the trial justice considered whether the jury accepted and followed his instructions and he is required to do no more. See *Ricci* v. *New England Transp. Co., supra.*

We have hereinbefore pointed out the circumstances sur-

rounding the skidding and they need not be repeated. We note, however, that there was evidence of circumstances in addition to the mere fact of skidding upon which the jury could have found the defendants to be negligent. Where such evidence exists, this court in *Peters* v. *United Electric Rys., supra,* held that the jury's finding of negligence was not against the law and we so hold here.

In each case all of the defendant's exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Abedon, Michaelson and Stanzler, Milton Stanzler, Richard A. Skolnik,* for plaintiff.

*McGee and Doorley, Frank J. McGee,* for defendants.