219 A.2d 401.

THE ROLAND BILEAU TRANSPORTATION COMPANY, INC. *vs.* LODIE BRIEN, INC.

MAY 12, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

Joslin, J. This is an action of assumpsit. In the two-count declaration it is alleged that the defendant, a licensed insurance broker, breached both its agreement to procure a liability insurance policy on the plaintiff's vehicles and its promise to provide coverage for those vehicles by binder. The defendant pleaded the general issue and lack of consideration. On the issues thus raised the case was tried to a jury in the superior court which returned a verdict of $6,000 for the plaintiff. Thereafter, the trial justice in granting the defendant's motion for a new trial found that the verdict was against the law because there was no evidence of consideration and that it was against the evidence for the reason that the testimony of the plaintiff's principal witness was not worthy of belief. The case is here on the plaintiff's exception to the granting of that motion.

The case has its origins in a default judgment of $8,000 obtained against plaintiff for damages sustained in a collision in Ohio in August 1958 between its truck and another motor vehicle. The plaintiff seeks to recover $6,000 being the amount it paid in settlement of its liability for that judgment. It predicates its claim on a line of cases, including *Affleck* v. *Kean,* 50 R. I. 405, which holds an insurance broker to liability for the damages proximately caused by his failure to perform an agreement to procure liability insurance or to provide coverage under a binder.

We need consider only that portion of the trial justice's decision where he found that the record construed in the light of the instructions given to the jury contained no evidence of any consideration which would support either of

defendant's alleged promises. In his charge the trial justice told the jury that they could return a plaintiff's verdict only if they found "that there was something of value given * * * in exchange for the promise to procure insurance * * * for the binder * * * — something of value; money, or a promise to pay money, something of that nature or anything else. * * * I charge you that the prospect of receiving those commissions from the company or companies * * * is not consideration for the promise * * *; that consideration moves, if it is paid, from the company to the agent and is paid by the company for the services which the agent renders to the company. It doesn't move from the plaintiff, Bileau Transportation Company to the defendant, Brien, and, therefore, it is not consideration for the alleged promise to procure an insurance policy or to procure coverage."

While conceding that its failure either to except to the charge as given or to have requested a different charge would ordinarily preclude it from being heard on any contention in opposition thereto, plaintiff nonetheless insists that the law as stated by the trial justice to the jury was erroneous and that they should instead have been told that they could find consideration for a broker's undertakings either in the prospect of his receiving a commission or in the insured's agreement to take a policy or binder. In addition it argues that it is entitled to hold the jury's verdict even though it was contrary to the view of law announced by the trial justice in his charge because a good case was made out on the correct law.

It is true, of course, that plaintiff finds support for its contention in *Galligan* v. *Woonsocket St. Ry.*, 27 R. I. 363, and indeed, it relies on no other authority or reason for the view it urges. In that case the jury disregarded an erroneous instruction which limited a parent's recovery for the loss of his minor son's services to the net result of his labor and rendered a verdict which included damages for loss of

earning capacity. That verdict was in accord with the correct rule of law rather than with the erroneous instruction and we said that in those circumstances the jury's failure to heed the trial justice's incorrect statements furnished no ground for a new trial. *Galligan* stands alone among our decisions. It was decided in 1905 and has not since been cited. The reasons for this lack of attention become clear when we compare the new trial procedures prevailing when it was decided with those which shortly thereafter became operative.

Both under the charter and the constitution the jurisdiction of our courts to grant new trials has always depended upon statute. *Clark* v. *New York, N. H. & H. R.R.*, 33 R. I. 83. Under the Judiciary Act of 1893, which in general governed the organization of and practice in the courts of this state prior to the enactment of the Court & Practice Act of 1905, there was no superior court and this court was held in two divisions, viz., common pleas and appellate. The common pleas division was the trial court of general jurisdiction. While jury trials presided over by a single justice were held in that division, it had no jurisdiction to hear and determine petitions or motions for new trials, the initial and exclusive cognizance thereof having been conferred by the legislature upon the appellate division where judges sat en banc.

The *Galligan* proceedings were under the Judiciary Act of 1893 rather than under the Court & Practice Act of 1905, and for that reason judges other than the trial justice who had given the faulty charge in common pleas heard the petition, as it was then called, for a new trial and passed on the question of whether the instructions were correct. *Galligan* does not, therefore, confer authority upon a trial justice either to review his own rulings of law or to refrain from granting a new trial when the verdict, although contrary to the charge, is according to law; it holds only that a

reviewing court in the exercise of its initial and exclusive jurisdiction to consider a petition for a new trial is not precluded from setting aside a verdict which while contrary to erroneous instructions would not be contrary to the evidence if the charge had been proper.

The view for which plaintiff argues, while obtaining in a minority of states, *Brook* v. *Barker,* 287 Mo. 13, *Watts* v. *Norfolk & W. R.R.,* 39 W. Va. 196, *Pearson* v. *Burditt,* 26 Tex. 157, and *Wellborn* v. *Weaver,* 17 Ga. 267, is contrary to the majority rule which has long prevailed in this jurisdiction. Our rule is that instructions given to a jury, absent an exception being taken or a request being made to charge differently, become the law of the case and we require a trial justice when he considers a motion for a new trial to follow the law he gave in his charge as scrupulously as the jury were bound to do in their deliberations. These principles are so well settled in this state as not to warrant, at least on the limited authority of *Galligan* v. *Woonsocket St. Ry., supra,* which is the only argument here advanced, our overruling or distinguishing a long line of cases wherein we have consistently and without qualification said that the only question open for a trial justice's consideration on a motion for a new trial on the ground that the verdict is contrary to the law is whether the jury accepted and followed the law as stated in the charge. *Mingo* v. *Rhode Island Co.,* 42 R. I. 543; *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.,* 58 R. I. 190; *Ricci* v. *New England Transp. Co.,* 77 R. I. 12; *Grassi* v. *Gomberg,* 81 R. I. 302; *Tilley* v. *Mather,* 84 R. I. 499; *Conti* v. *Walter Winters, Inc.,* 86 R. I. 456; *Turgeon* v. *Rocks,* 96 R. I. 353, 191 A.2d 606. That rule applies regardless of whether the instructions were right or wrong. *Barry* v. *Kettelle,* 49 R. I. 50.

Because there was no evidence of any consideration which would support either of the defendant's promises under the law as stated in the charge to the jury, it was not error for

the trial justice to grant the defendant's motion for a new trial on the ground that the verdict was contrary to law. What we have said is dispositive of the case and for that reason we do not consider it was error to have granted the defendant's motion on the ground that the verdict was contrary to the evidence.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial.

*Goodman, Semonoff & Gorin, Jordan Tanenbaum,* for plaintiff.

*Lewis Z. Lavine,* for defendant.