283 A.2d 887.

THOMAS MAZZARO *vs.* NARRAGANSETT IMPROVEMENT COMPANY.

NOVEMBER 18, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.  This civil action was brought to recover damages for personal injuries alleged to have been sustained as a result of a collision involving a motor vehicle being operated by the plaintiff and a motor vehicle being operated by an employee of the defendant.  After the case was tried to a jury in the Superior Court, a verdict was returned for the defendant, and the plaintiff's subsequent motion for a new trial was denied.  The plaintiff is now prosecuting an appeal to this court, contending that the denial of his motion for a new trial constituted error but

during oral argument expressly waiving certain contentions as to the validity of evidentiary rulings of the trial justice.

The record discloses a substantial conflict in the evidence concerning the circumstances surrounding the collision, particularly with respect to the speed of the vehicles and the location thereof at the time of the impact. The collision occurred on July 15, 1965, on Wellington Avenue in the city of Cranston. The plaintiff was operating a van used for the delivery of mail in the postal service and was moving south along that highway. The vehicle operated by defendant's driver was a dump truck proceeding in a northerly direction along Wellington Avenue. To whatever extent it becomes necessary, the testimony concerning the conditions under which the accident occurred will be discussed later in the opinion.

The trial justice, in denying plaintiff's motion for a new trial, stated that in passing on the weight of the evidence and the credibility of the witnesses he found "* * * that the testimony was so evenly balanced, particularly on the issues of negligence and contributory negligence, that reasonable men could arrive at different results." He then went on to say that he felt that he was obliged to deny plaintiff's motion for a new trial.

The plaintiff at the outset appears to concede that the trial justice in an exercise of his independent judgment passed on the weight of the evidence and the credibility of the witnesses and thus discharged the duty imposed upon him when deciding whether to grant a new trial on the ground that the verdict is contrary to the evidence. *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836 (1964). The plaintiff further concedes the settled rule that in passing on such a motion the trial justice may not disturb the verdict returned by the jury when in his sound judgment the evidence is such that different minds would naturally

and fairly come to different conclusions thereon. *Waltz* v. *Aycrigg,* 103 R. I. 109, 114-15, 235 A.2d 338, 341 (1967).

Here the evidence is clearly in conflict, particularly with reference to credibility, and obviously reasonable minds could fairly reach different conclusions as to which of the parties had produced the more credible evidence. *Hirschmann* v. *Sun-Dial Optical Co.,* 89 R. I. 31, 150 A.2d 293 (1959). Under that rule the trial justice is required to recognize that the jury has the prior right to exercise the fact-finding power. This rule constitutes a judicial recognition that the jury is the finder of fact in the first instance and that where the evidence is open reasonably to different conclusions, the trial justice must abstain from frustrating the jury's priority as the finder of ultimate fact by overturning its verdict where the evidence is in the state contemplated by the rule in *Hirschmann.* In this case it is clear from the record that the trial justice, following that rule, found that the evidence was of such a character that reasonable men could arrive at different conclusions thereon and properly refused to usurp the priority of the jury in the fact-finding process.

What plaintiff is really contending here is that the trial justice was clearly wrong in denying plaintiff's motion for a new trial. In *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305 (1964), we defined the "clearly wrong" rule, so called. It refers, we said, to the burden of an appellant who would overturn a decision of a trial justice denying him a new trial who had complied with the duty imposed upon him in passing upon that motion. The party moving for a new trial, in order to prevail thereon, has the burden of establishing that the trial justice overlooked or misconceived relevant and material evidence on a controlling issue. The instant plaintiff, seeking to meet this burden, argues that the trial justice misconceived the probative force of testimony introduced by defendant as to the cir-

cumstances in which the collision occurred. To this end he argues that the trial justice should have rejected the testimony of defendant's driver because it was contrary to the physical facts established by all of the evidence.

In *Whalen* v. *Dunbar*, 44 R. I. 136, 115 A. 718 (1922), this court held that where testimony is opposed to established physical facts, the testimony must yield to such established facts. However, the rule stated in *Whalen* is not applicable in cases where the physical facts surrounding the transaction under consideration have not been definitely established by the evidence and where contentions that they have been so established are based upon an assumption that is without support by the evidence. *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85 (1957).

An examination of the evidence in the record here fails to establish that the physical facts surrounding the collision were established with a sufficient precision to justify an application of the rule stated in *Whalen*. There was evidence introduced on behalf of both parties concerning the position of a tank truck parked on Wellington Avenue and the speed and the distances that were traveled by the vehicles involved in the collision. Such evidence, however, was not based upon any reasonably precise measurements or on substantially reliable estimates but upon the opinion of the witnesses, neither of whom had qualified as experts on the speed of moving vehicles. We conclude, then, that the trial justice did not err when he did not reject the testimony of defendant's driver because it was contrary to the physical facts.

The plaintiff argues alternatively that the testimony of defendant's driver should have been rejected by the trial justice because of its inherent improbability. We have long recognized that testimony not directly contradicted may be impeached by the fact that it is inherently improbable. *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180, 66 A. 209 (1907).

However, we are unable to agree that the testimony of defendant's driver was so inherently improbable as to have required its rejection. In our opinion, his testimony as to the relative location of the vehicles, the distances covered, and the speed thereof was entirely consistent with reasonable probabilities.

To the contrary, however, we think that the testimony of plaintiff as to the events immediately preceding the collision relating to the location of the tank truck and the speed and distances covered by the vehicles can be reasonably characterized as inherently improbable. This is particularly true as to his testimony that while he was driving a distance of 10 feet at a speed of 5 miles an hour, the defendant's truck traveled over 400 yards or a distance of some 1200 feet. If this does not render his testimony truly and inherently improbable, it certainly affected adversely his credibility to such an extent that the jury would be warranted in rejecting it. In our opinion, this is just what the jury did, and the trial justice, quite obviously believing the jury to be justified in such rejection of plaintiff's testimony, refused to disturb its verdict in favor of defendant. In short, from our examination of the record we conclude that the trial justice neither overlooked nor misconceived the evidence to which reference has above been made, and, therefore, we cannot find that he was clearly wrong in refusing to disturb the jury's verdict.

We turn to plaintiff's argument that a new trial should have been granted because the verdict was contrary to the law. He does not contend, as we understand him, that the law stated in the charge was wrong. Rather, he argues, first, that the jury did not follow the law as given in the charge and, second, that the trial justice did not apply the law of the case himself in determining the motion for a new trial.

The trial justice instructed the jury as to negligence in

the generally accepted pattern, informing the jury of the requirement that the operator of a motor vehicle control the speed thereof and maintain a proper lookout with due regard to the safety of other traffic on the highway. What plaintiff argues is that had the jury followed the instruction of the trial justice, it could on the evidence have returned no verdict other than one for plaintiff. In our opinion, plaintiff here construes the instruction as directing a verdict for plaintiff, which obviously was not intended. To the contrary, the jury returned a verdict for defendant, indicating that it did not misunderstand the instruction of the trial justice as to the issues of negligence and contributory negligence. It is well settled that, absent a showing to the contrary, the jury will be assumed to have followed an instruction given it by the trial court in reaching its factual conclusions. *Palumbo* v. *Garrott*, 95 R. I. 496, 188 A.2d 371 (1963). The plaintiff here has made no showing, in our opinion, that would serve to rebut the presumption that the jury understood and followed the instructions given it by the court.

The further argument that the trial justice himself, in considering the motion for new trial, did not apply the law as he had given it to the jury is, in our opinion, without merit. It is true that in this state we require a trial justice, when so considering motions for new trial, to follow the law he gave in his charge as scrupulously as the jury was bound to do in its deliberations. *Roland Bileau Transportation Co.* v. *Lodie Brien, Inc.*, 100 R. I. 723, 219 A.2d 401 (1966). Assuming that plaintiff has properly raised in this court on his appeal from the denial of his motion for new trial the question of whether the trial justice in considering that motion followed the law of the case, he has failed to disclose anything in the record that indicates that the trial justice did not follow the law of the case in passing

on the motion. We, therefore, find this contention to be without merit.

The plaintiff has also contended that he was prejudiced by the fact that the jury was aware of his receipt from the federal government of financial compensation because of the injuries he had incurred in the collision. We perceive no materiality in this contention of error. The jury, having decided against the plaintiff with respect to liability, obviously never reached the question of damages.

The plaintiff's appeal is denied and dismissed, and the judgment for the defendant is affirmed.

*Richard M. Casparian,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, Frederick A. Reardon,* for defendant.