389 A.2d 1251.

BRUNSWICK CORPORATION *v.* JOHN R. SPOSATO, *d.b.a.* MODERN POOL PARLOR.

AUGUST 10, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J. This is an action for replevin brought by the plaintiff Brunswick Corporation (Brunswick) against the defendant John R. Sposato, doing business as Modern Pool Parlor (Sposato). The cause was heard by a justice of the Superior Court, sitting with a jury. Following a jury verdict for Brunswick, Sposato moved for a new trial. That motion was granted by the trial justice. Brunswick appeals. Sposato cross-appeals from the denial by the trial justice of his motion for a directed verdict.

On October 9, 1967, the parties entered into a conditional sales contract for the purchase of ten pool tables and other accessories necessary to Sposato's business. Sposato made a substantial downpayment on the goods and agree to pay the balance of the purchase price in 12 monthly installments. After meeting his financial obligations under the contract for three months, Sposato refused to make any additional payments, alleging that the tables and other equipment were defective. Conflicting testimony relating to the condition of the goods at the time of delivery was presented at trial.

On December 18, 1968, Brunswick commenced this action for replevin in the Superior Court. The goods were ulti-

mately replevied by a Washington Courty sheriff on March 12, 1969. Sposato filed a counterclaim for damages in the amount of $25,000 for wrongful replevin.

The central issue in this case is the necessity of a prior demand and refusal before commencing an action for replevin. The trial justice instructed the jury that such a demand was necessary. Brunswick seasonably objected to this instruction.

Following the jury verdict for Brunswick, the trial justice granted Sposato's motion for a new trial on the grounds that the weight of the evidence was against a finding that such a prior demand had been made.

The main contention advanced by Brunswick is that the trial justice erred in applying the law when he granted a new trial to Sposato. The initial question we must address, however, is whether the instruction given by the trial justice on demand and refusal became the law of the case for purposes of this appeal. For several compellng reasons, we think not.

In *Roland Bileau Transp. Co.* v. *Lodie Brien, Inc.*, 100 R.I. 723, 219 A.2d 401 (1966), we stated:

> "Our rule is that instructions given to a jury, absent an exception being taken or a request being made to charge differently, become the law of the case and we require a trial justice when he considers a motion for a new trial to follow the law he gave in his charge as scrupulously as the jury were bound to do in their deliberations. * * * That rule applies regardless of whether the instructions were right or wrong." *Id.* 727, 219 A.2d at 403.

We have consistently followed this rule in reviewing decisions on motions for new trial. *See, e.g., DeSimone* v. *Manzi*, 114 R.I. 30, 327 A.2d 840 (1974); *Gilbert* v. *Girard*, 108 R.I. 120, 272 A.2d 691 (1971); *Apolonio* v. *Kenyon*, 101 R.I. 578, 225 A.2d 778 (1967).

The record is clear that the trial justice was consistent in

his view of the law of replevin. He charged the jury that in order for Brunswick to prevail, Brunswick had to demonstrate by a preponderance of the evidence that a demand had been made upon Sposato for the return of the goods and that Sposato had refused. In the absence of a showing to the contrary, we assume that the jury followed his instruction in reaching its verdict for Brunswick. *Mazzaro* v. *Narragansett Improvement Co.,* 109 R.I. 244, 283 A.2d 887 (1971); *Palumbo* v. *Garrott,* 95 R.I. 496, 188 A.2d 371 (1963). Then, applying the charge he gave to the jury, the trial justice ruled that the evidence presented to the jury was insufficient to prove that a demand had been made by Brunswick.

The rule that we have followed in prior cases considering a motion for a new trial applies only in situations where no objection has been taken to the charge as given by the trial justice. Here, however, Brunswick made a timely objection to the instruction on demand and refusal.

Under these circumstances, to hold that the trial justice's instruction becomes the law of the case for purposes of this appeal would, in affect, preclude Brunswick from raising the issue at all despite the timely objection made at trial. Such a result would be fundamentally unfair. We shall, therefore, review the decision of the trial justice in granting Sposato's motion for a new trial to ascertain whether he applied the correct law in granting the motion.

Replevin is a statutory action in this state. G.L. 1956 (1969 Reenactment) §34-21-1 *et seq.; McDonald* v. *Brown,* 61 R.I. 40, 199 A. 750 (1938). It is available to persons claiming possession of goods or chattels either wrongfully taken or wrongfully detained. Nothing more than the right of present possession, founded upon a general or special ownership of the goods or chattels, is necessary to enable plaintiff to maintain the action. *Clyde Dye & Print Works, Inc.* v. *Craig,* 52 R.I. 65, 67, 157 A. 425, 426 (1931).

The general rule with respect to the necessity of a demand

and refusal prior to instituting a replevin action under a conditional sales contract is that

"as possession of the property under a conditional sales or installment contract is lawfully acquired by the vendee in such contract, it is necessary for the vendor to prove a demand for the return of the chattel after default by the vendee, and a refusal by the vendee to deliver, after demand, in order to maintain an action of replevin to recover possession of the property from the vendee." Annot., 59 A.L.R. 134, 140 (1929).

The rationale of the requirement is based upon the presumption that one who has lawfully come into possession of property which he is not thereafter entitled to retain will, upon demand, surrender that property to the person lawfully entitled thereto, thereby avoiding the inconvenience and expense of a lawsuit. *Butler* v. *Wolf Sussman, Inc.*, 221 Ind. 47, 50, 46 N.E. 2d 243, 244 (1943); 77 C.J.S. Replevin §66 (1952).

This general rule, however, is not applicable in this state. Our statutory scheme clearly delineates the purpose and procedure involved in a replevin action. Section 34-21-1 *et seq.* No mention is made within chapter 21 of the necessity of a demand as a condition precedent to the institution of a replevin action, and we do not believe that such a condition ought to be read into the replevin statute.

This is not to say, however, that a demand has no place in a replevin action. As the Massachusetts Supreme Court Judicial Court has indicated, a demand may have important evidentiary value:

"Demand and refusal are never necessary, except as furnishing evidence of an unlawful taking or detention against the rights of the true owner, in an action of replevin, or of an unlawful conversion, in an action of trover. When the circumstances, without these, are sufficient to prove such taking or detention, they are

superfluous." *Edmunds* v. *Hill*, 133 Mass. 445, 446-47 (1882).

We hold that the trial justice erred in charging the jury that a demand was necessary prior to instituting this action. Consequently, the decision to grant the new trial, premised solely on the finding by the trial justice that Brunswick had failed to prove such a demand had been made, was clearly wrong. Because of the view we take in this case, it is clear that the trial justice was correct in denying Sposato's motion for a directed verdict. Consequently, Sposato's cross-appeal is without merit.

Under the circumstances, the jury clearly reached the correct verdict despite the erroneous instruction.

The plaintiff's appeal is sustained, the defendant's cross-appeal is denied, the judgment of the Superior Court granting the defendant a new trial is reversed, and the case is remanded to the Superior Court with instructions to reinstate the jury verdict in favor of the plaintiff.

*Winograd, Shine & Zacks, P.C., Cary J. Coen,* for plaintiff.

*Cappuccio & Cappuccio, Frank S. Cappuccio,* for defendant.