PATRICK F. BARRY *vs.* EDWARD G. KETTELLE.

JANUARY 6, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of the case in assumpsit in which a jury in the Superior Court returned a verdict for the plaintiff. Defendant has brought the case to this court by his bill of exceptions.

Plaintiff is an attorney and counselor at law. He testified that he performed professional services for defendant for which he charged $1,000. He called two attorneys as witnesses and they testified that $1,000 was a fair charge for his services.

The defense was that on account of the business and social relations existing between the parties defendant understood that plaintiff's services were to be gratuitous. Defendant introduced no testimony as to the value of plaintiff's services.

In charging the jury the trial justice said the plaintiff had testified that his services were worth $1,000; that two attorneys had testified that plaintiff's services were worth $1,000 and that if the plaintiff is entitled to anything he is entitled to $1,000, no less. Defendant took an exception to this portion of the charge and the exception is now urged in this court.

The jury retired and, after considering the case for some time, being unable to agree, returned into court. Upon being questioned by the trial justice as to the cause of their disagreement the foreman of the jury said the only question is: "Can the jury fix the amount. We couldn't name any amount." The trial justice replied: "As I charged you this morning if any amount is due it is the amount of $1,000 but, if you find there is evidence upon which you can fix an amount less than $1,000 it is for you to decide. I will change my charge to that extent. I don't want to be misunderstood but there must be evidence upon which you can fix that amount. You can not conjecture or guess." The jury retired and soon afterwards brought in a verdict for $630.

Defendant's exception is sustained as the portion of the charge excepted to deprives the jury of their right to determine the value of plaintiff's services. In *Fletcher & Bros.* v. *Seekell*, 1 R. I. 267, in charging a jury, the court, after mentioning the weight to be given to the opinions of mechanics, said: "But still you are to be guided by your own judgments, upon all the evidence, enlightened, indeed, but not controlled by their opinions." The value of professional services is a question about which reasonable men may well differ and is one which is exceptionally suitable for determination by a jury. *Crafts* v. *Mechanics Savings Bank*, 102 A. 516. The leading case upon this question is that of *Head* v. *Hargrave*, 105 U. S. 45. The action was brought to recover for professional services as attorney. When instructing the jury the court, after referring to the fact that several attorneys had testified as to the value of

plaintiff's services, said: "You must determine the value of the services rendered from the evidence which has been offered before you and not from your own knowledge or ideas of the value of such services." This instruction was held to be erroneous as it should have been qualified by the instructions asked for by defendant, namely, "that in determining the value of plaintiff's services the jury was not bound by the testimony of the expert witnesses." The general rule is that the opinions of expert witnesses are not, as a matter of law, to be accepted by the jury in place of their own judgment. Notes to *Hull* v. *City of St. Louis*, 42 L. R. A. 753, 768; *Fowle* v. *Parsons*, Appt. 45 L. R. A. (N. S.) 181; *Zimmer* v. *Kilborn*, Ann. Cases, 1914 D. 368. See also *Weaver* v. *Scripture*, 211 N. Y. S. 593; *Jetter* v. *Zeller*, 104 N. Y. S. 229; *Stevens* v. *City of Minneapolis*, 43 N. W. (Minn.) 842; *Graham* v. *Dillon*, 121 N. W. (Ia.) 47; *Wingert et al.* v. *Bowie*, 128 A. (Md.) 274. The probative weight to be accorded to the estimates of witnesses as to value is entirely a matter for the jury. 22 C. J. 595; 728; 11 R. C. L. 586; 2d. Decen. Dig. Evid. §§ 570, 571 (7).

Plaintiff argues that as the verdict was for only $630 it shows that the jury disregarded the erroneous instruction of law and that the defendant was not prejudiced thereby. This argument can not be sustained as a jury can not disregard the law given to them by the trial justice. In civil cases the jurors swear to give a true verdict according to law, and the justice presiding at the trial is required to instruct them in the law relating to the case. §§ 4723, 4640, G. L. 1923. This is in accord with the general rule. 38 Cyc. 1594. If the jury disregard the instructions of the trial justice it is his duty to set aside their verdict on motion of adverse party for a new trial. 29 Cyc. 819.

The defendant moved for a new trial, one of the grounds being that the verdict was against the law. The trial justice denied the motion because he was of the opinion that justice had been done by the verdict. On a motion for a new trial on the ground that the verdict is against the law

the only question open to the trial justice for consideration is whether the jury accepted and followed the law as stated by him at the trial. *Greene* v. *R. I. Co.*, 38 R. I. 17; *Brewer* v. *David & Co., Inc.*, 45 R. I. 418. In this case it clearly appears that the jury failed to follow the law as stated to them by the trial justice and he should have granted the motion for a new trial on this ground.

As there must be a new trial of the case the other exceptions become immaterial and are not considered.

Defendant's first exception is sustained and the case is remitted to the Superior Court for a new trial.

*Cooney & Cooney*, for plaintiff.
*E. Raymond Walsh*, for defendant.