ANDREW T. DENNEHY *d.b.a.* DUNCAN B. CAMPBELL CO. *vs.* MAYCOURT REALTY COMPANY.

JANUARY 20, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

246

FROST, J. This is an action of assumpsit to recover a broker's commission on a sale of real estate. Suit was begun by a writ of attachment dated October 20, 1953. The case was tried in the superior court before a justice thereof sitting wth a jury and resulted in a verdict of $3,100 for the plaintiff. The defendant's motion for a new trial was denied, and the case is before us on its bill of exceptions to evidentiary rulings during the trial, to the decision charging the garnishee, and to the denial of the motion for a new trial.

On April 3, 1953 plaintiff met Courtney Angeloni at the latter's request and was given the exclusive right for a period of ninety days to sell Mr. Angeloni's home at 93 Hartshorn road in the city of Providence. The plaintiff alleges that he was to receive the usual commission of 5 per cent on the sale. The entire agreement was oral. The broker did not then know that title to the real estate was in the defendant. The asking price of the property was $65,000 and it was advertised a number of times in the local papers. At the end of ninety days the exclusive right to sell the property was extended for thirty days. When plaintiff obtained the oral agreement he was associated with Duncan B. Campbell, but on June 1, 1953 he purchased the business and became the sole proprietor. After a series of negotiations, through the efforts of plaintiff the property in question was sold to Philip Glanzman for $48,000. A sales agreement was executed on July 8, 1953 between Maycourt Realty Company, by its president Courtney Angeloni, and Philip Glanzman and on August 27, 1953 a deed was executed to Philip Glanzman and Reuben Glanzman.

On several occasions plaintiff made demand on defendant for his commission, but as he received nothing suit was instituted. The declaration is in two counts. The first

count is in special assumpsit while the second count is in general assumpsit.

The defendant's bill of exceptions contains thirty-four exceptions. The numbering of these in the brief is not the same as in the bill of exceptions. As to the desirability of keeping the numbering the same, see *White* v. *Alexion,* 79 R. I. 297. The court will refer to the exceptions as they are numbered in the bill of exceptions.

The defendant's first exception is to the denial by the trial justice of its motion for a continuance. After the case had been called but before a jury was impaneled, defendant moved for a continuance on the ground that Mr. Angeloni, who would be the sole witness for the defendant corporation, was ill and unable to come into court. An affidavit of a local physician was offered which stated that Mr. Angeloni was being treated by him for various illnesses and was unable to appear in court at that time. It appeared that the case was five years old; that it had been assigned for trial many times; and that Mr. Angeloni would never be able to come into court and testify. It was stated that in May 1956 a justice of the court had suggested that Mr. Angeloni's deposition be taken but that none had been taken, nor was there any request at the time of trial that it be taken.

Mr. Angeloni was virtually a party, since the nominal defendant was a corporation of which he was the president and the person who hired the plaintiff to sell the property. There was no evidence that defendant would be in a better position at a later date to defend the case brought against it. The decision which the trial justice was required to make was a discretionary one and it is our opinion that in denying defendant's motion there was no abuse of such discretion. *Wolfe* v. *Wolfe,* R. I., 104 Atl. 689; *Anthony* v. *Anthony & Cowell Co.,* 40 R. I. 1; *Williams* v. *Altruda,* 74 R. I. 47. This exception is overruled.

Exception 17 is to the denial of the trial justice to direct a verdict for defendant. At the conclusion of plaintiff's case the defendant introduced one exhibit and rested, and thereafter moved for a directed verdict. We are of the opinion that the trial justice could not properly direct a verdict. There were several questions of fact, among which was one raised by defendant when it introduced as its exhibit a case brought in the superior court by this plaintiff against Courtney Angeloni for a commission for selling the same real estate described herein. The defendant itself in the instant case raised a question as to the proper defendant if the jury reached the conclusion that plaintiff was entitled to a commission. This exception is overruled.

Exceptions 18 and 19 were to portions of the charge. We have read such portions and also the charge in its entirety. We have likewise considered exceptions 2 to 16 inclusive as well as exception 34 and find them all to be without merit.

Exception 32 is to the denial of defendant's motion for a new trial. The defendant lists ten reasons for granting its motion, but several of these cannot be considered since on a motion for a new trial the trial justice cannot correct his own errors of law if there be such. The court will consider the following reasons, namely, that the verdict was contrary to the evidence and the weight thereof; that it was contrary to the law as given to the jury by the trial justice; that the damages were excessive; and that there was newly discovered evidence which should be heard.

There was evidence that plaintiff talked with Mr. Angeloni at the latter's request; that he did business with him as president of Maycourt Realty Company; that Mr. Angeloni wanted the Duncan B. Campbell real estate office to sell his home on Hartshorn road; that plaintiff had previously sold his residence on Elmgrove avenue; and that the commission would be 5 per cent as on the previous transaction. The plaintiff testified that he advertised the

property in the papers and showed it to different prospects on at least twenty occasions; that at such times Mr. Angeloni was always present; and that he, plaintiff, was present on July 8, 1953 when an agreement for the sale of the property was signed by Mr. Angeloni as president of Maycourt Realty Company and by Philip Glanzman, the buyer.

The plaintiff testified that there were two mortgages on the property and therefore very little equity in the owner. For that reason he suggested that Mr. Angeloni could pay $500 in cash and give the Duncan B. Campbell Co. all his insurance business, which he agreed to do. The plaintiff also testified that no cash was paid nor was any insurance business received. Still another method of paying the commission was suggested by plaintiff, namely, that he take an antique automobile for the commission, but that was not acceptable to Mr. Angeloni.

The defendant contends that the suggestion that $500 in cash be paid and that defendant's insurance be given to plaintiff was a new agreement and extinguished the original agreement which was 5 per cent of the selling price, while plaintiff asserts that there never was a release from the 5 per cent agreement, and that the suggestion of a small amount of cash plus future insurance business was but a means offered to the defendant of paying the commission. Since the verdict was for $2,400 plus interest or a total of $3,100, it would seem that the jury accepted plaintiff's testimony in that regard. However, there being no special findings, the jury could have found that there was no agreement as to the amount of a commission and reached the verdict upon the basis of the reasonable worth of plaintiff's services upon the evidence submitted. Whatever the view of the jury may have been as to an agreement, it cannot be said that on the evidence submitted the damages given were excessive.

The defendant also contends, in effect at least, that it is not the proper defendant; that the agreement was with Mr.

Angeloni personally; and that he himself is responsible if anyone is. This was for the jury to decide and their verdict was that the corporation was the one benefiting by plaintiff's services.

The defendant further contends that plaintiff in his own right is not entitled to a commission, since on April 3, 1953 he was an associate with Duncan B. Campbell doing business as Duncan B. Campbell Co. However, the evidence is uncontradicted that plaintiff became the sole proprietor of the Duncan B. Campbell Co. on June 1, 1953, weeks before the purchase of the property had been definitely secured and an agreement therefor signed.

The defendant also asserts that if a commission is owed it is not owed by defendant. We are of the opinion that the jury could fairly find from the evidence that Mr. Angeloni from the beginning was acting as the agent of the corporation and that the latter as the owner of the property was liable for any commission due. The verdict was neither against the weight of the evidence nor the law as stated by the trial justice, nor was it excessive.

The final reason in the motion for a new trial was newly discovered evidence. The affidavit of Courtney Angeloni was presented wherein he stated that a Mrs. Shahanian, if present, would testify that she was a "witness to the transaction between the defendant and the plaintiff" and that plaintiff agreed not to charge a commission if the property was sold to Philip Glanzman for $48,000. As stated, the case was five years old when tried. It would seem that due diligence in locating the witness was not shown. California was mentioned, but it was not clear whether the witness was then in California or here. If here, her testimony should have been presented. We are therefore of the opinion that due diligence was not shown in obtaining this witness for the trial or in having her deposition taken. *Kitchen* v. *Barrett*, 58 R. I. 388. We find no

error in the trial justice's decision denying the motion for a new trial. This exception is overruled.

Exception 33 was taken during the hearing on plaintiff's motion to charge the garnishee. This hearing was held some weeks after the jury trial and prior to the hearing on defendant's motion for a new trial. The latter motion was denied from the bench and at the same time the Industrial National Bank of Providence as garnishee was charged in the amount of $684.57. On October 22, 1953 process was served upon the Providence Union National Bank as trustee. An affidavit filed by it disclosed that it held the amount of $684.57.

Notice of the hearing on plaintiff's motion to charge the garnishee was served upon the attorneys of record of the garnishee. Present at the hearing was the assistant to the head bookkeeper of the Industrial National Bank of Providence. He testified at considerable length and in the course of his testimony said, "We filed the ledger cards for the Providence Union National Bank in with our own cards and put an entry through for the total amount to our general bookkeeping department, so that we were charged with those amounts."

It was not shown how or by what right money deposited in the Providence Union National Bank to the credit of defendant came to be in the possession of and under the control of the Industrial National Bank of Providence and subject to garnishment at the hands of the plaintiff. The defendant's exception 33 to the charging of the Industrial National Bank of Providence as garnishee is sustained without prejudice.

In view of our decision as to exception 33, exceptions numbered 20 to 31 inclusive with relation to the motion to charge the garnishee need not be considered.

The defendant's exception numbered 33 is sustained without prejudice, all the other exceptions which have been con-

sidered are overruled, and the case is remitted to the superior court for further proceedings.

## On Motion for Reargument.
### FEBRUARY 10, 1960.

PER CURIAM. After our decision in the above case the defendant asked and received permission to file a motion for reargument. Pursuant to this permission it has filed such a motion, setting out therein certain reasons on which it bases its contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Hinckley, Allen, Salisbury & Parsons, John R. Allen,* for plaintiff.

*Luigi Capasso,* for defendant.