*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for defendant.

ANDREW T. DENNEHY *d.b.a.* DUNCAN B. CAMPBELL CO. *vs.* MAYCOURT REALTY COMPANY.

FEBRUARY 2, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a motion to charge the garnishee, Providence Union National Bank, as the trustee of personal estate of the defendant in its hands and possession in the amount of $684.57 as disclosed by its affidavit.

At the conclusion of the hearing in the superior court the trial justice charged the Industrial National Bank of Providence as garnishee to the extent of $684.57. A bill of exceptions was taken to this court comprising exceptions taken to rulings of the trial justice during the hearings and to the latter's decision. The bill contains 26 exceptions. For the earlier history of this case, see *Dennehy* v. *Maycourt Realty Co.*, 90 R. I. 245, 157 A.2d 659.

There is no question that trustee process was served by the plaintiff upon the Providence Union National Bank and that the latter's affidavit showed the sum of $684.57 in its hands and possession in a checking account in the name of Maycourt Realty.

The plaintiff contends that there was a consolidation of the Providence Union National Bank and Industrial Trust Company under the charter of the Providence Union National Bank and under the title Industrial National Bank of Providence, and it was therefore proper to charge Industrial National Bank of Providence as garnishee. The defendant maintains that plaintiff has failed to show by legal proof such consolidation.

The notice of the hearing to charge the garnishee was given to attorneys for the garnishee as originally served, and Industrial National Bank of Providence was summoned in the manner prescribed by the court's order of notice.

The single issue as stated by defendant is: Has the plaintiff shown by legal evidence such consolidation?

At the hearing John T. Fletcher, cashier of Industrial National Bank of Providence, hereinafter referred to as Industrial, testified that certain records in the form of cards which he produced showed that the bank had in its possession as trustee of defendant the sum of $684.57; that the bank was holding that sum subject to the attachment served against defendant on October 22, 1953; and that the bank admitted its liability on the accounts of Providence Union National Bank. That such an admission is ordinarily within the power of a cashier to make there can be no doubt. Of a bank cashier's authority, 4 Zollman, Banks and Banking, §2411, at page 445, states: "He is the statutory officer of the corporation lawfully empowered to execute the contracts of the bank just as the directors are empowered to enter into such contracts. His agreements in all matters relating to the routine of the bank's business bind the bank

to the same extent as if they had been entered into by a resolution of the board of directors."

Mr. Fletcher also produced a certificate of the Comptroller of the Currency of the United States. The plaintiff was permitted to introduce, without objection, a certified copy of the original certificate. While not objecting to the certified copy of the certificate as such, defendant did object to the introduction of the certificate because it knew nothing of the origin thereof and because such certificate was not a public record. We are of the opinion it was a public record and admissible as such. 28 U.S.C.A. §1733(b) reads, "Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof." See also *Weitzel* v. *Brown,* 224 Mass. 190.

The pertinent portion of the certificate reads as follows:
"Whereas, satisfactory evidence has been presented to the Comptroller of the Currency that all requisite legal and corporate action has been taken by The Providence Union National Bank, Providence, Rhode Island, and the Industrial Trust Company, Providence, Rhode Island, in accordance with the statutes of the United States, to consolidate those two banking institutions under the charter of The Providence Union National Bank and under the title 'Industrial National Bank of Providence', with capital stock of $10,000,000;
"Now, Therefore, it is hereby certified that such consolidation is approved, effective at 8:00 A.M., February 1, 1954."

The defendant urges that the certificate of the Comptroller of the Currency does not prove that consolidation has actually taken place. The final words on the certificate are "that such consolidation is approved, effective at 8:00 A.M., February 1, 1954." It may be conceded that it was possible for the two banking institutions, after being given permission to consolidate by the Comptroller of the Currency, not to do so; but when it is considered that Industrial

was willing to be charged and that the account of the defendant with the Providence Union National Bank was in the possession of the Industrial which was charged by the trial justice, the latter was clearly justified on the evidence in charging Industrial as the garnishee. This was not a sale of the assets of one bank to another. The certificate of the comptroller shows that it was a consolidation of two banks under a new name.

While not discussing each and every exception, we have considered all of them and find them to be without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court with direction to enter judgment on the verdict and to charge Industrial National Bank of Providence, as garnishee, to the extent of $684.57.

*Hinckley, Allen, Salisbury & Parsons, John R. Allen,* for plaintiff.

*Luigi Capasso,* for defendant.