327 A.2d 840.

PETER DeSIMONE *et al. vs.* IRENE MANZI.

NOVEMBER 13, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action for damages based on negligence which arises out of a collision of an automobile and a motorcycle on Hartford Avenue, a public highway, in the city of Providence.

Peter DeSimone sued to recover for medical expenses incurred by him in behalf of his minor son, Robert A. DeSimone, and as next friend of Robert to recover for injuries and loss of wages. William W. Phelps sued to recover damages for his motorcycle. The defendant, Irene Manzi, filed a counterclaim for damages to her automobile against William W. Phelps.

The cause was tried to a justice of the Superior Court sitting with a jury which returned a verdict for plaintiff, Robert A. DeSimone, in the amount of $9,289 plus interest and costs and for plaintiff, William W. Phelps, in the amount of $850 plus interest and costs. The jury also returned a verdict for William W. Phelps on the counterclaim filed by defendant, Irene Manzi. The defendant has appealed to this court from the judgments thereafter entered.

The record discloses that just prior to the collision on May 10, 1968, defendant was operating her automobile in an easterly direction on Hartford Avenue and plaintiff, Robert A. DeSimone, was operating a motorcycle, the property of plaintiff William W. Phelps, in a westerly direction on the said highway. The collision occurred near a driveway leading from Hartford Avenue to a market on the north side of the highway.

The testimony is in conflict as to the manner in which the collision occurred. The defendant testified that she had stopped her vehicle on the north side of the highway

and was waiting for a car to come through the driveway from the market so that she would be able to proceed to the market. She further testified that she heard a terrific noise, saw the motorcycle coming toward her at a speed of about 40 miles per hour and then the front of her car was struck by the motorcycle.

Robert A. DeSimone testified that prior to the collision he was driving his motorcycle at a speed of about 25 miles per hour when he saw defendant's car approaching about 100 feet away. He stated that the car made a left turn without warning into his lane of traffic and that he attempted to turn to the right but struck the front end of defendant's automobile.

A witness, Michael Donofrio, testified that he was operating his motorcycle on Hartford Avenue about 6 to 8 feet to the rear of plaintiff's motorcycle when he saw defendant's car make a sudden left turn into the path of plaintiff's motorcycle which then struck the front of defendant's car.

The defendant first contends that the trial justice erred when he denied her motion for a new trial, alleging that his decision was based on a misconception of the evidence, and points out that the trial justice in considering the motion stated:

> "The vehicle operated by the defendant, turned to enter the driveway, at which point the motorcycle struck the left front fender of the car with the front of the cycle.
>
> "The defendant's version of the accident was that she had stopped to enter the entrance way to the Star Market and had to wait for a truck to come through. She was stopped waiting to enter the entrance, at which time she stated she saw the motorcycle approach a hundred feet away travelling in her lane.
>
> "The jury found, and the Court feels the jury found correctly, that this was not consistent with the dam-

ages found to be caused by the accident. The damage was caused to the left front fender of the car. It had to be consistent with the plaintiff's version of the accident, and that the car was in the process of making a left turn. The Court finds that on a liabilty basis, substantial justice has been done between the parties in this case. Inasmuch as the jury is not clearly wrong, the Court declines to grant a new trial on the basis of liability."

As previously stated, plaintiff and defendant both testified that the motorcycle struck the front of the automobile. The witness, Donofrio, also testified that the point of impact was the front end of the automobile. The statement by the trial justice that the left front fender of the car was struck by the front of the cycle is clearly a misconception of the evidence. Since the trial justice has misconceived the evidence, we apply the appellate rule under which it becomes our duty to examine the record and grant a new trial, if the evidence in our view strongly preponderates against the verdict. In making this determination, we do not weigh the evidence or pass upon the credibility of witnesses but look only to the record to determine whether there is any competent evidence which, if believed, would support the jury's verdict. *Molleur* v. *City Dairy, Inc.,* 110 R. I. 58, 290 A.2d 214 (1972); *Gilbert* v. *Girard,* 109 R. I. 68, 279 A.2d 919 (1971).

As we view the evidence, we are persuaded that there was credible competent evidence which would warrant a finding of negligence on the part of defendant for which she was liable to plaintiff.

The defendant next contends that the damages awarded by the jury are excessive. She argues that the evidence is insufficient to support an award to plaintiff for loss of wages and therefore her motion to grant a new trial on the issue of damages should have been granted. The jury awarded $9,289 to plaintiff, Robert A. DeSimone. The

award made no specific reference to an amount allowed for loss of wages or earning capacity. In his charge to the jury, to which no objection was made, the trial justice gave instructions governing an award for medical expenses, pain and suffering, and loss of wages. The evidence indicated medical expenses of approximately $600 and the need of an additional $700 for further dental treatment. There was also testimony that plaintiff was unable to work for approximately 5½ months.

The trial justice in considering defendant's motion for a new trial stated that while the jury award was more than he would have awarded if hearing the case without a jury, he nevertheless did not consider the award to be grossly excessive, and he therefore allowed it to stand unchanged. The defendant has failed to persuade us that the trial justice erred in his finding that the award was not grossly excessive. *Mattos* v. *Patriarca,* 111 R. I. 475, 304 A.2d 355 (1973); *Fusaro* v. *Naccarato,* 103 R. I. 324, 237 A.2d 545 (1968).

The jury awarded $850 to plaintiff, William W. Phelps, for damages to his motorcycle. The defendant argues that insufficient evidence was submitted to prove the fair market value of the motorcycle. Mr. Phelps testified that he had purchased the three-year-old cycle for $1,000 approximately three months prior to the accident and that after the accident the cycle seemed to be totally demolished and was not drivable or fixable. The jury also had the benefit of plaintiff's exhibits Nos. 4 and 5 which were photographs of the condition of the motorcycle after the accident. The jury concluded that plaintiff suffered damage to the motorcycle in the amount of $850. The trial justice did not conclude that the award was grossly excessive, and defendant has not convinced us that the trial justice has committed error. *Mattos* v. *Patriarca, supra.*

Finally, defendant argues that the failure of the jury

to consider and render a verdict in the case of Peter De-Simone v. Irene Manzi for reimbursement of medical expenses in behalf of Robert A. DeSimone, and the failure of the trial justice to consider the case on defendant's motion for a new trial was error. The plaintiff points to the instructions to the jury by the trial justice in which he stated:

"In the beginning when this case was filed, Robert A. DeSimone was under age, and it was filed by his father and next friend. He is now of age, so we consider Robert A. DeSimone versus Irene Manzi. Mr. DeSimone is suing for his medical expenses, for his loss of earning capacity, and for pain and suffering."

No objection was taken to the instructions by either party and therefore the instructions by the trial justice must be followed regardless of whether the instructions were right or wrong. *Roland Bileau Transp. Co.* v. *Lodie Brien, Inc.,* 100 R. I. 723, 219 A.2d 401 (1966); *Barry* v. *Kettelle,* 49 R. I. 50, 139 A. 664 (1928).

The only question for consideration by a trial justice on a motion for a new trial on the ground that the verdict is contrary to the law is whether the jury accepted and followed the law as stated in the charge. *Roland Bileau Transp. Co.* v. *Lodie Brien, Inc., supra.* Here the jury, following the instructions by the trial justice, returned a verdict awarding damages to Robert A. DeSimone, and the argument of the defendant is without merit.

The defendant's appeal is denied and dismissed, the judgments appealed from are affirmed, and the cause is remanded to the Superior Court.

*Robert G. Crouchley, Peter A. DiBiase,* of counsel, for plaintiffs.

*John F. McBurney, Francis A. Manzi,* for defendant.