369 A.2d 643.

THOMAS M. SNEDDON *et al. vs.* FRANCIS COSTA *et al.*

FEBRUARY 25, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on the plaintiffs' appeal from the denial of their motion for a new trial follow-

ing a jury verdict for the defendants. The sole issue before us is the correctness of the ruling made by the trial justice.

The pertinent facts in this case are as follows. At trial, it was stipulated that on November 24, 1970, defendant Mary E. Costa operated a 1968 gold Ford Country Squire station wagon. At about 9 p.m. on that date she was returning to her home in Bristol via the Wampanoag Trial. She testified that at one point she drove her car into a semi-circular turnabout lane which traversed the grass median strip on that road in order to enter the southbound lanes. She stated that a gold-colored sedan followed her into the turnabout and that, as she emerged into the south-bound lanes she heard a screech of tires from the rear as the gold sedan passed her on her right-hand side. The defendant, Mary E. Costa, stated further that she noticed a Volkswagen stopped in the road a short distance to her rear.

The second defendant, Richard E. Thayer, was the driver of the Volkswagen observed by his codefendant. The plaintiff Donna Sneddon was a passenger in the back seat of his car. The defendant Thayer testified that he was proceeding in a southerly direction in the passing lane of the Wampanoag Trail when he observed two automobiles about to enter his lane from the turnabout. He was slowing his vehicle to allow the first car to merge into traffic when the second vehicle emerged from the turnabout directly into his line of travel. At this juncture he slammed on his brakes, causing his car to skid to a violent stop. The sudden stop caused Donna Sneddon to strike her head on the car window. The defendant, Richard E. Thayer, testified further that he noticed that the car which cut in front of him was a light-colored station wagon which he later positively identified as the automobile driven by codefendant Mary E. Costa. On the basis of the foregoing evidence, the jury returned verdicts for

defendants. The plaintiffs filed a motion for a new trial which the trial justice denied by stating simply that without going into all the evidence he felt that on the basis of the arguments offered by defense counsel there was an issue upon which reasonable minds could differ. From the order denying their motion plaintiffs have appealed. They argue that the trial justice erred in failing to independently review the evidence.

We agree with plaintiffs that the trial justice's decision to deny the motion for a new trial did not meet the standards outlined by this court in *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836 (1964). We stated in that case that, in deciding a motion for a new trial, the trial justice must consider in the exercise of his independent judgment all of the material evidence in the case. *Id.* at 193, 196 A.2d at 837; *accord, Bouley* v. *Gibney*, 113 R. I. 522, 324 A.2d 318 (1974).

The record in this case clearly discloses that the trial justice did not fulfill his duty as set out in this court's decisions. The mere adoption by him of defendants' arguments did not constitute an independent review of all the material evidence as mandated by our cases.

However, the fact that the trial justice has improperly treated a new trial motion does not necessarily indicate the moving party's entitlement to a new trial as a matter of law. Rather, it becomes incumbent upon the reviewing court to independently examine the record and to order a new trial if it is determined that the evidence strongly preponderates against the verdict of the jury. *Morinville* v. *Morinville*, 116 R.I. 507, 512, 359 A.2d 48, 51 (1976). In *Morinville*, a case which involved the review by this court of the denial of a motion for a new trial, we restated our appellate rule. We held that the jury's verdict will be sustained if, as we examine the record in the light most favorable to the prevailing party, there is competent evi-

dence which supports the verdict. *Id.* at 512, 359 A.2d at 54.

In applying this standard to the facts of the instant case, we need only consider the testimony of defendant Mary E. Costa that a gold sedan followed her around the turnabout and passed to her right as she entered Wampanoag Trail. This testimony tends to support this defendant's theory that the gold sedan was responsible for the accident and that neither Costa nor Thayer were negligent. Consequently, there is competent record evidence upon which to apply the appellate rule and thereby to sustain the jury's verdict in defendants' favor.

The plaintiff's final contention is that the jury's verdict was contrary to the law as stated by the trial justice in his charge to the jury. We said in *DeSimone* v. *Manzi*, 114 R. I. 30, 327 A.2d 840 (1974), that where a motion for a new trial is predicated upon the allegation that the verdict is contrary to the law, the only question presented is whether or not the jury accepted and followed the law as given to it by the trial justice in his charge. *Id.* at 35, 327 A.2d at 843; accord, *Roland Bileau Transp. Co.* v. *Lodie Brien, Inc.*, 100 R. I. 723, 219 A.2d 401 (1966).

Our review of the record in this case established that the trial justice instructed the jury that it was to decide whether or not defendants were negligent and, if they were, whether their negligence constituted the proximate cause of plaintiff's injuries. He also charged that the mere occasion of an accident does not call for an inference that defendants were negligent. He stated further that regarding defendant Thayer, if the jury found that the accident could not be avoided and Thayer was not negligent, it would have to find for Thayer, and that plaintiffs would be entitled to recover if either one or both defendants were guilty of any act of negligence.

Part of the trial justice's instruction, which was requested by plaintiffs, stated in part:

"The Jury is instructed that there is no evidence upon which the Jury can find any contributory negligence on the part of the plaintiffs which contributed to the accident, and/or her injuries; therefore, the verdict in this case must be for the plaintiffs against either the Defendant Costa, the Defendant Thayer, or if the Jury finds both defendants were negligent and contributed to the accident then in that event the plaintiffs are entitled to a verdict against both defendants for one amount."

The plaintiffs argue that this charge required the jury to find for plaintiffs and, hence, failure to do so would be grounds for a new trial. We cannot sustain this position.

While this particular part of the charge, standing alone, might support the plaintiffs' argument, when viewed in the context of the entire charge it appears that the jury was instructed to determine whether either of the defendants was negligent and whether the negligence was the proximate cause of the plaintiff's injuries.[1] We are satisfied that in the context of the entire charge an ordinary jury would have interpreted the instruction relied upon by the plaintiffs as merely a statement that there

---

[1] See the following portions of the trial justice's charge where he said at pages 137-38, 149 and 150 of the transcript:

"In your deliberations you will be required to consider whether the defendants were negligent and whether the defendants' negligence was a proximate cause of the plaintiff's injuries or damages.

* * *

"I will quote Rhode Island statutes now: * * *

'The mere happening of an accident does not justify an inference that the defendant was negligent, or that defendant's negligence proximately caused injury to the plaintiff.'

* * *

"If the Jury finds that this accident was due to unavoidable circumstances as respects Defendant Thayer and that there was no negligence on the part of the Defendant Thayer, the Jury must bring in a verdict of not guilty in favor of the Defendant Thayer."

is no contributory negligence in this case and that if it should find negligence on the part of either of the defendants, the plaintiffs were entitled to recover. We are equally satisfied that the jury so understood the charge in arriving at its verdict and therefore find that the verdict was not contrary to the law given by the trial justice in his charge.

The plaintiffs' appeal is denied and dismissed, the order appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Quinn, Cuzzone & Geremia, John F. Cuzzone, Jr.,* for plaintiffs.

*Keenan, Rice, Dolan, Reardon & Kiernan, John W. Kershaw,* (for Francis Costa and Mary E. Costa); *Hanson, Curran, Bowen & Parks, Kenneth R. Neal,* (for Richard E. Thayer), for defendants.