Viriato EVORA

v.

Guy HENRY.

No. 88–74–Appeal.

Supreme Court of Rhode Island.

June 12, 1989.

Joseph A. Capineri and Capineri & Crowley, Pawtucket, for plaintiff.

William R. Grimm and Hinckley, Allen, Snyder & Comen, Providence, for defendant.

OPINION

FAY, Chief Justice.

This case comes before us on appeal by the plaintiff, Viriato Evora (Evora). Evora contends that the trial justice incorrectly directed a verdict in favor of the defendant, Guy Henry (Henry), and erred in granting the defendant's request for a conditional new trial. We find that the motion for a directed verdict was incorrectly granted, and we reverse.

This case arises out of a fire-insurance contract entered into between plaintiff and Nationwide Insurance Company (Nationwide). The insurance contract covered Evora's home, which he purchased in No-

vember 1975 for approximately $33,000. The central focus of this controversy is the representation made by Evora on his application to Nationwide. The completed application, which Evora signed, lists the purchase price and current market value of the home as $50,000. On the basis of Evora's application, Nationwide issued Evora a policy with a $50,000 limit of liability on the dwelling.

Subsequently a fire in February 1976 destroyed the home. When Nationwide refused to compensate Evora for this loss, Evora contacted Attorney Henry to represent him in an action to recover on the policy. Henry's failure to file the complaint within the time required by the statute of limitations resulted in Nationwide's prevailing on a motion for summary judgment. After we affirmed the grant of summary judgment, Evora commenced this action against Henry to recover for legal malpractice.

At trial Evora testified that insurance agent John Guido (Guido) filled out the insurance application after inspecting the property. Evora further testified that when Guido asked, "[W]hat I wanted to put in it," referring to the insured premises, Evora replied $50,000. Although Evora could not specifically recall at trial telling Guido the purchase price, he testified that he showed papers to Guido that contained the purchase price. In addition Evora affirmatively stated that he did not lie about the purchase price. After the presentation of evidence, defendant moved for a directed verdict. The defendant claimed three misrepresentations by plaintiff voided the policy so that no damages, an essential element of a legal malpractice claim, were recoverable. The trial justice reserved his ruling on the motion pursuant to Rule 50(b) of the Superior Court Rules of Civil Procedure. Following the motion the jury returned a verdict for $87,000 in plaintiff's favor, $62,000 for the fair-market value of the home and $25,000 for the value of personal property lost during the fire. Thereafter the trial justice granted defendant's directed-verdict motion, relying upon plaintiff's misrepresentation regarding the purchase price.[1] The defendant's request for a conditional new trial pursuant to Rule 50(c) was likewise granted. The trial justice granted the conditional new trial upon the belief that he had incorrectly charged the jury. The plaintiff now appeals these two rulings.

Before embarking on our review, we note that the standards guiding a trial justice's decision on a directed-verdict motion and our review of that determination have been clearly defined. The trial justice must view all the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable and legitimate inferences that may properly be drawn from the evidence, without weighing the evidence or exercising independent judgment in regard to the credibility of witnesses. *Brenner Associates, Inc. v. Rousseau*, 537 A.2d 120, 123 (R.I.1988); *Solitro v. Moffatt*, 523 A.2d 858, 861 (R.I. 1987); *Gordon v. St. Joseph's Hospital*, 496 A.2d 132, 136 (R.I.1985); *Montuori v. Narragansett Electric Co.*, 418 A.2d 5, 9 (R.I.1980). This court on review is bound by the same standard. 418 A.2d at 9. If the trial justice should find that issues exist upon which reasonable minds could draw conflicting conclusions, the motion should be denied and the jury allowed to resolve the conflict. *Id.*

Initially we observe that the generally accepted view is that even when an attorney negligently permits the statute of limitations to run on a client's cause of action, the client must still prove, in order to prevail in a legal malpractice action, that the negligence was the proximate cause of his or her damages or loss. *See Somma v. Gracey*, 15 Conn.App. 371, 374–75, 544 A.2d 668, 670 (1988); *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C.Ct.App.1982); *Flaherty*

---

1. The trial justice expressly did not base his determination to direct the verdict upon alleged misrepresentations in the application about the operation of a business at the insured premises and an unreported fire at plaintiff's prior dwell-ing. It was the opinion of the trial justice that the burden for obtaining a directed verdict had been met only by the misrepresentation regarding the purchase price.

*v. Weinberg*, 303 Md. 116, 134, 492 A.2d 618, 628 (1985); *Lieberman v. Employers Insurance of Wausau*, 84 N.J. 325, 342, 419 A.2d 417, 425–26 (1980); *Brown v. Kelly*, 140 Vt. 336, 338, 437 A.2d 1103, 1104 (1981); Annot., 90 A.L.R.3d 293, 297 (1979). Other courts have held that if a client does not have a valid, enforceable underlying claim, the attorney cannot be held liable for negligently permitting the statute of limitations to run on the claim. *See Budd v. Nixen*, 6 Cal.3d 195, 200, 491 P.2d 433, 436, 98 Cal.Rptr. 849, 852 (1971); *Christy v. Saliterman*, 288 Minn. 144, 150, 179 N.W. 2d 288, 293–94 (1970); *Brown v. Adams*, 715 S.W.2d 940, 941 (Mo.Ct.App.1986). Adopting these views, we believe that the sine qua non in this case is whether plaintiff's misrepresentation voided the contract, effectively precluding recovery by plaintiff and justifying the directed verdict.

■ We have previously examined the effect of a misstatement of fact in an application for insurance. The theory clearly evinced by these cases is that a material misrepresentation in an insurance application makes voidable, without a concomitant demonstration of fraud, an insurance contract that is issued upon the application. *See Guardian Life Insurance Co. of America v. Tillinghast*, 512 A.2d 855 (R.I. 1986); *Affleck v. Potomac Insurance Co.*, 49 R.I. 112, 140 A. 469 (1928); *Leonard v. State Mutual Life Assurance Co.*, 24 R.I. 7, 51 A. 1049 (1902). Therefore, the controlling inquiry in this case is whether a material misrepresentation has taken place.

Our Legislature has addressed material misrepresentations in accident and sickness insurance policies. Contained within G.L. 1956 (1979 Reenactment) chapter 18 of title 27, which regulates accident and sickness insurance policies, § 27–18–16 states, "[t]he falsity of any statement in the application for any policy covered by this chapter may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer." *See also Guardian Life Insurance Co. of America*, 512 A.2d at 859 (upholding denial of motion for directed verdict on basis of

material misrepresentation within § 27–18–16). Because the Legislature has not similarly spoken about fire-insurance applications, we must prescribe a practical definition for these circumstances.

■ We believe that a number of jurisdictions have adequately defined material misrepresentation. Many courts have adopted the view that a material representation in an insurance application is any representation that induces the insurer to insure the applicant. *See Countryside Casualty Co. v. Orr*, 523 F.2d 870, 875 (8th Cir.1975) (applying Arkansas law); *New York Underwriters Insurance Co. v. Friedland*, 439 F.2d 350, 350 (9th Cir.1971) (applying Nevada law); *New York Life Insurance Co. v. Kuhlenschmidt*, 218 Ind. 404, 420, 33 N.E.2d 340, 347 (1941); *Simon v. Government Employees Life Insurance Co. of New York*, 79 A.D.2d 705, 706, 434 N.Y.S.2d 447, 449 (1980); *Mutual of Omaha Insurance Company v. Dingus*, 219 Va. 706, 713, 250 S.E.2d 352, 355 (1979). We follow this view, and therefore, if such representation on an application is falsely made, it is a material misrepresentation sufficient to void a contract.

■ Applying this principle to the case at bar, we believe that there has not been a material misrepresentation. Although Evora signed the completed application, which contained the erroneous purchase price, we note that such action did not rise to the level of a material misrepresentation. We believe that Nationwide would have accepted the application even if the correct purchase price appeared on the insurance application. Accordingly we find that the misstated purchase price did not induce Nationwide to accept the contract. Therefore, if Henry had acted within the required period, Evora had a potentially recoverable claim against Nationwide. We hold that the trial justice improperly found that the misstatement of the purchase price was a material misstatement that voided the policy. Since we find no material misrepresentation, it is axiomatic that the contract existed. Consequently the motion for a directed verdict was improperly granted.

The plaintiff also maintains that the trial justice improperly granted defendant's request for a conditional new trial. The trial justice stated that a new trial to address the issue of damages was necessitated by an improper portion of the jury instruction. At one point during his instruction, the trial justice stated, "[I]n order for Mr. Evora to recover you must find there were no material misrepresentations on the application for fire insurance as filed by Mr. Evora that were fraudulently made by him or through his agent." During his ruling on the conditional new trial, the trial justice specifically denied defendant's request for a finding that the jury failed to follow his instructions on the issue of damages. While instructing the jury, the trial justice first stated that the jury could award plaintiff the fair-market value of the building at the time of the fire. He then instructed the jury that the damages awarded could not exceed the limits or terms of coverage in the insurance policy. The jury then awarded $62,000 for the home when the limit of liability in the policy was $50,000.

It has long been the accepted standard in this state that a trial justice may not grant a motion for a new trial in order to correct his own errors of law. *Dennehy v. Maycourt Realty Co.*, 90 R.I. 245, 249, 157 A.2d 659, 661 (1960). Therefore, the trial justice should not have based the grant of a conditional new trial upon his misconception of the applicable law governing misrepresentations.

We find, however, that there was sufficient justification for a new trial in the excessiveness of the damages awarded. As we have previously stated, when a motion for a new trial is predicated upon the allegation that the verdict is contrary to law, the only question presented is whether the jury accepted and followed the law as given to it by the trial justice in his charge. *See Sneddon v. Costa*, 117 R.I. 624, 627, 369 A.2d 643, 645 (1977); *DeSimone v. Manzi*, 114 R.I. 30, 35, 327 A.2d 840, 843 (1974). Clearly in this case the jury has awarded damages in excess of those authorized by the trial justice in his instruction. Since the trial justice stated that the fair-market value of the property was recoverable within the policy limits, the maximum amount that could be awarded was clearly set forth. The jury's award, not sanctioned by the instructions given by the trial justice, justified a new trial within the standard set forth in *Sneddon* and *DeSimone*.

The trial justice granted a conditional new trial solely to address the issue of damages. Since the jury had determined that the plaintiff sustained his burden of proof under the erroneous but more stringent standard that the trial justice delineated, we find that the new trial was properly restricted to the issue of damages. In the circumstances a conditional new trial was the proper vehicle to remedy the unjustifiable verdict.

For these reasons, the appeal of the plaintiff is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for a new trial on the issue of damages.