[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter presently before this Court is Peerless Insurance's motion for declaratory judgment. The Court has jurisdiction over this matter pursuant to Rhode Island GeneralLaws 1956 (1985 Reenactment) § 9-30-1 and § 9-30-2.
On or about June 15, 1989 Edward Keane (hereinafter "Edward") accompanied his son Michael Keane (hereinafter "Michael") to purchase an automobile. The two purchased a 1989 demonstrator Pontiac Firebird. The automobile was purchased in Edward's name. Michael, however, "made a deal" with Edward. Michael was to make some payments on the automobile and Michael in turn would have "his freedom" with the automobile. Michael had wanted that particular car. He could not afford the insurance so the vehicle was purchased in his father's name.
The Firebird was financed through General Motors Acceptance Corporation (hereinafter "GMAC") which required proof of insurance. Edward submitted an insurance application to the Rhode Island Auto Insurance Plan (hereinafter "The Plan"). The application required that all the operators in the household be listed on the policy. Exhibit-A. Edward and his wife Judith were the only persons listed as household operators under the policy. Michael was not listed as an operator.
Based upon the information contained in the application, the Plan processed the policy, covering the automobile against various perils, including loss by theft. The plan assessed a premium of one thousand seven hundred and fifty five ($1,755) dollars. The policy was then received by Peerless Insurance (hereinafter "plaintiff").
On September 30, 1989 Michael reported to the Providence Police Department that "his" automobile was stolen. Exhibit-D. The automobile has not been recovered.
Thereafter, Edward presented a claim to plaintiff under the comprehensive portion of the policy. Plaintiff then conducted an investigation concerning the theft of the automobile. Plaintiff's investigation revealed that Michael was free to use the automobile, and there were no restrictions on Michael's keeping the automobile overnight. During the investigation, Michael also indicated that he had established a residence at his grandmother's house and that he often stayed at his girlfriend's place. Plaintiff's investigation further revealed that Michael was involved in an accident with the automobile on September 16, 1989, prior to its theft. Edward, however, the alleged primary owner, was not aware that the automobile had been involved in an accident. Two investigating officers testified that they were familiar with the vehicle, always saw Michael driving it, and did not recall ever seeing anyone else driving it.
Finally, plaintiff's investigation discovered that Michael was under the age of twenty-five and that he had received three speeding tickets. Michael's driving record revealed that he was charged with driving while intoxicated in the State of Connecticut. On October 2, 1989, after plaintiff completed the above investigation, plaintiff cancelled Edward's insurance policy.
Plaintiff is presently before this Court seeking to declare the insurance policy void ab initio. When Edward signed the insurance application he acknowledged that he understood that any misleading information or failure to disclose required information would prejudice his application for insurance. Plaintiff asserts the insurance application contained a material misrepresentation which affected the acceptance of the risk, the premium established, and the hazards assumed. Specifically, plaintiff asserts that Michael should have been listed as an operator/owner on the insurance application. Moreover, plaintiff contends that had the Plan been advised of Michael's ownership and use of the automobile, date of birth, and poor driving record, the premium assessment for the policy would have been six thousand seven hundred fifty three ($6,753) dollars instead of the one thousand seven hundred fifty five ($1,755) dollars assessed.
DISCUSSION
It is well established that an insurance policy is a contract between the insurer and the insured. Factory Mutual LiabilityIns. Co. of America v. Cooper, 106 R.I. 632, 262 A.2d 370
(1970). Generally, if the terms of the contract are clear and unambiguous, the parties are bound by the agreement. Lemoi v.Nationwide Mutual Ins. Co., 453 A.2d 758, 760 (R.I. 1982). A contract, however, may be rescinded for fraud or for fraud or for misrepresentation. Halpert v. Rosenthal, 107 R.I. 406,267 A.2d 730 (1970). Our Supreme Court also applies this rule to insurance contracts. Evora v. Henry, 559 A.2d 1038 (R.I. 1989); GuardianLife Insurance Co. of America, 512 A.2d 855 (R.I. 1986).
An insurer which seeks to avoid a policy on the basis of an insured's misrepresentation has the burden to prove that the insured's statement was a material misrepresentation. 45 C.J.S.Insurance § 548 (1993). The insured must prove by a preponderance of the evidence that there was a material misrepresentation before the policy will be avoided. Id.
Our Supreme Court has adopted the view that a material misrepresentation in an insurance application is any representation that induces the insurer to insure the applicant.Evora, 559 A.2d at 1040; citing Countryside Casualty Co. v.Orr., 523 F.2d 870, 875 (8th Cir. 1975). Under this view, the court must determine if the insurance company would have issued the policy anyway, despite the misrepresentation. Evora, 559 A.2d at 1040; 45 C.J.S. Insurance § 549 (1993).
Other jurisdictions which have adopted this view have also ruled that a misrepresentation as to the identity of the owner of a vehicle materially affects the risk assumed by the insurer.Safeway Insurance Company v. Duran, 393 N.E.2d 688, 690 (Ill. App. 4th 1979); Erie Insurance Co. v. Insurance Comm'r.,579 A.2d 771, 773 (Md. App. 1990); Western States Mutual AutomobileInsurance Co. v. May, 152 N.E.2d 608 (Ill App.2d 1958). In doing so, these jurisdictions have recognized that "when an insurance company issues an insurance policy, it has knowledge of who may use the automobile with the permission of the owner and named insured, but it is a reasonable assumption that ordinarily the major use of the car will be by the owner and named insured.Safeway Insurance Co., 393 N.E.2d at 690; (citing Didlake v.Standard Ins. Co., 195 F.2d 247, 251 (10th Cir. 1952). InSafeway Insurance Co. the Court ruled:
 where the application for insurance is made by the true owner and he is to be designated in the policy as the named insured, the insurance company, before issuing the policy, may investigate the age and other facts with respect to such owner which it deems important in determining whether to issue the policy, but where the fact with respect to ownership is misrepresented and the identity of the true owner is concealed with the purpose of obtaining coverage for the true owner . . ., no such opportunity is present.
In the instant case, this Court finds that plaintiff has met its burden. Plaintiff has proven by a preponderance of the evidence that Edward and Michael made material misrepresentations as to ownership and use of the automobile, two critical factors contained on the application. Edward and Michael alleged that Edward was the true owner of the automobile. This Court, however, finds that their testimony is not credible. Here, not only was Michael making monthly payments on the automobile, but Edward also admitted that Michael had his freedom with the automobile. See Plaintiffs Exhibit 2(A),(B). Moreover, when the automobile was stolen, Michael reported that it was "his" automobile that was stolen. See Plaintiff's Exhibit-D. This Court is satisfied, after viewing the exhibits and hearing the testimony, that Michael was the true owner of the automobile.
Moreover, since Michael was the true owner, his failure to disclose his age and driving record also constituted material misrepresentations. The past driving history and age of an insured has always been recognized as a factor considered by the insured in assessing the proposed risk. Erie Insurance Co., 579 A.2d at 773; 12A Appleman, Insurance Law And Practice, § 729(A), P. 368 (1981). Many other jurisdictions have recognized that "[it] is a matter of common knowledge that the rate frequency of accidents for drivers between the ages of sixteen and twenty-four is substantially greater than that for all drivers who are twenty five years old or more. This in turn determines the premium to be charged, the extent of coverage which the insurer is willing to underwrite, and the restrictions it may impose as to the condition under which it will assume the risk." Safeway Insurance Co., 343 N.E.2d at 690; WesternStates Mutual Automobile Insurance Co., 152 N.E.2d at 611. In the instant case, Michael was under the age of twenty five. Michael's driving record also revealed that he received three speeding tickets and was charged with driving while intoxicated in the State of Connecticut. Here, Michael's failure to disclose these facts were material misrepresentations. The family was less than candid on the application and less that credible in the courtroom.
Edward's and Michael's misrepresentations taken either individually or collectively were material misrepresentations. These material misrepresentations influenced plaintiff in accepting, limiting, or rejecting the risk of insuring Michael's automobile. For the reasons set forth herein, this Court declares that the insurance policy is void ab initio.
Counsel shall prepare an appropriate judgment for entry.