579 A.2d 771

**ERIE INSURANCE COMPANY**

v.

**INSURANCE COMMISSIONER OF the STATE OF MARYLAND.**

**No. 408, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Sept. 26, 1990.

D. Lee Rutland (Wharton, Levin & Ehrmantraut on the brief), Annapolis, for appellant.

No brief or appearance by appellee's counsel.

Argued before GARRITY, BLOOM and KARWACKI, JJ.

KARWACKI, Judge.

The parties to this expedited appeal, pursuant to Rule 8–207(b), have submitted an agreed statement of facts which we quote in full:

On February 6, 1989, Farhad Verahrami ["complainant"], executed an application for automobile liability insurance with the appellant, Erie Insurance Company ["Erie"] in which he indicated that he had not received a ticket for speeding or any other motor vehicle code violation within the past three years. The application was accepted and Policy No. Q02 6101950 M was issued by Erie. A routine check of complainant's driving record by Erie subsequently revealed that on the date the application was executed the complainant had been convicted of two moving violations within the past three years: on May 18, 1986, complainant was convicted for failing to obey a stop/yield sign; on June 7, 1986, complainant was convicted for exceeding the speed limit by one to nine miles per hour. As a result of the complainant's misrepresentation as to the existence of these moving violations, Erie sought to cancel its insurance with the complainant by forwarding to the complainant a notice of cancellation dated March 3, 1989. The reasons for the cancellation as set forth in the notice were as follows:

We are cancelling your policy for material misrepresentation. The application Mr. Verahrami signed listed no violations in the past three years. According to your Maryland Motor Vehicle Report, you had a stop/yield/sign violation on 5/18/86 and a speeding violation on 6/7/86. Due to the increase in hazard generated by the misrepresentation of your driving record, we are not willing to continue to insure you through the Erie Insurance Company. Our Defensive Driver Plan is not designed to generate sufficient additional premium to offset your increased chance of loss. We are unwilling to insure anyone who does not truthfully complete our application. We are not offering an exclusion since you are listed as the only driver of your vehicle.

As a result of the complainant's protest, a hearing was held before the Insurance Division of the Department of Licensing and Regulation on August 23, 1989 with a representative of Erie in attendance. The complainant did not appear at the hearing.

By Order dated September 15, 1989, the hearing examiner made the following findings of fact:

I find, as a fact, that the Licensee seeks to terminate coverage because the Complainant is alleged to have misrepresented his driving record on his application for insurance.

I find that on February 6, 1989, the Complainant executed an application for insurance, which indicated that he had not received a ticket for speeding or any other motor vehicle code violation within the past three years.

I find that on the date the application was executed, the Complainant had been convicted of two (2) moving violations:

05–18–86 Failure to obey stop/yield sign

06–07–86 Exceeding maximum speed limit by 1–9 MPH

I find that Licensee's underwriting standards state a driver is an acceptable risk if a surcharge is not required "because of more than 3 points accumulated

during the last 3 years." An operator is assessed one (1) point for each moving violation. The fact that the Complainant failed to divulge his two (2) moving violations on the February 6, 1989 application was not material to the risk.

The hearing examiner concluded that the non-disclosed information was not a material misrepresentation. The hearing examiner held that "a misrepresentation is material if Licensee would not have offered coverage had it been aware of the information presented," citing *Government Employees Insurance Company v. Insurance Commissioner*, 273 Md. 467, [330] A.2d 653 (1975) and *Miller v. Insurance Commissioner*, 70 Md.App. 355, 521 A.2d 761 (1987). The hearing examiner concluded that because Erie had a rate for an individual with two traffic violations, Erie's attempt to cancel the complainant's insurance was a violation of Md.Ann.Code Art. 48A, § 234A and § 240AA. Accordingly, Erie's attempt to cancel complainant's insurance policy was disallowed.

Pursuant to Md.Ann.Code, Art. 48A, § 40 (1986 Replacement Vol. 1989 Cum.Supp.), Erie timely noted an appeal from the Insurance Commissioner's Order. A hearing was held in the Circuit Court for Baltimore City on March 20, 1990 before the Honorable Elsbeth Bothe. The complainant, although notified of the pendency of the appeal, again did not appear. Additional evidence was submitted to the trial court that had complainant's true driving record been disclosed on complainant's application for insurance, the premium charged the complainant would have been subject to a 10% surcharge pursuant to Erie's filed rating plan. The insurance division did not dispute the legal arguments raised by Erie. Additionally, the Insurance Division pointed out to the lower court that the effect of a misrepresentation on an automobile insurance application is a question of law, not of fact, and may properly be revised by the lower court on review. Despite these points, the trial court affirmed the decision of the Insurance Commissioner. Erie timely noted an ap-

peal from the judgment of the Circuit Court entered on March 20, 1990.

■ The basic standard for judicial review of an administrative finding of the Insurance Commissioner is whether that finding is supported by substantial evidence. *Lumbermen's Mut. Cas. Co. v. Insurance Comm'r*, 302 Md. 248, 266, 487 A.2d 271 (1985). Nevertheless, a reviewing court may always determine whether an administrative agency made an error of law. *Mirkin v. Medical Mut. Liab. Ins. Soc'y of Maryland*, 82 Md.App. 540, 548, 572 A.2d 1126 (1990).

■ *Miller v. Insurance Commissioner*, 70 Md.App. 355, 368, 521 A.2d 761 (1987) recognized that "the general rule of the law of contracts that when a party is induced to enter into a contract by fraud or *material* misrepresentation, the contract is voidable as against the party making the misrepresentation," applies to insurance contracts. In the instant case it is undisputed that a misrepresentation was made by Mr. Verahrami; the sole question raised on appeal is whether this misrepresentation is material. The insurance commissioner and the circuit court each held that the misrepresentation was not material because even if Erie had been given the correct information, it would still have insured Mr. Verahrami.[1] We disagree with this reasoning.

The misrepresentation made by Mr. Verahrami concerned a matter that was clearly material to the contract of automobile liability insurance. The past driving history of the proposed insured has always been recognized as a factor properly considered by the insurer in assessing the proposed risk. *Government Employees Insurance Co. v. Insurance Commissioner*, 273 Md. 467, 480, 330 A.2d 653 (1975), *Md. Indemnity and Fire Insurance Exchange v. Steers*, 221 Md. 380, 385, 157 A.2d 803 (1960); 12A Apple-

---

1. Erie introduced evidence before the circuit court that although it would have insured Mr. Verahrami had it known of his true driving record, the premium would have included a 10% surcharge to compensate itself for the increased risk.

man, Insurance Law and Practice, Sec. 729A, p. 368 (1981); 3 Long, *The Law of Liability Insurance*, Sec. 19.03, p. 19–7 (1987); 9 Couch on Insurance 2d, Sec. 38.27, p. 395–396 (Rev. ed. 1985). Where, as here, the applicant for automobile liability insurance, misrepresents his or her driving record, that misrepresentation is material to the risk which the insurer is willing to assume for a stated premium. Hence, the insurer may cancel its contract of insurance when learning of the true record of the insured's driving history. Its right to do so is not inhibited by Md.Code Ann., Art. 48A, Sec. 234, so long as the insurer complies with the procedural dictates of Md.Code Ann., Art. 48A, Sec. 240AA.[2] Moreover, whether it would have issued a policy for a different consideration, i.e., a surcharged premium, is immaterial. Mr. Verahrami's attempt to conceal his true driving record from Erie is the primary concern and material fact. We hold as a matter of law that Mr. Verahrami made a material misrepresentation on his insurance application, that the insurance policy is voidable by Erie and that the circuit court erred in affirming the decision of the insurance commissioner.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE DECISION OF THE APPELLEE;

COSTS TO BE PAID BY APPELLEE.

---

**2.** There is no question that there was such compliance in the instant case.